■ CAROLINE MARINE, as Administratrix of the Estate of HERMAN MARINE, Deceased, Respondent, v. JAMAICA HOSPITAL, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, based upon alleged malpractice, defendant appeals from an order of the Supreme Court, Queens County, dated July 9, 1970, which (1) granted plaintiff's motion to vacate a prior order of the same court, dated August 5, 1969, granting defendant's motion, as upon default, to dismiss the action for failure to serve a complaint, and (2) permitted plaintiff to serve her complaint. Order modified by striking therefrom the fourth ordering paragraph, which permitted service of the complaint, and substituting therefor a provision that plaintiff's motion is denied insofar as it sought permission to serve a late complaint and that the action is dismissed. As so modified, order affirmed, with $10 costs and disburse-

ments to appellant. The summons in this action was served on or about October 12, 1968; defendant's notice of appearance and demand for a complaint was served in November, 1968; and in May, 1969, not having received a complaint, defendant moved to dismiss the action. No opposition was submitted and an order dismissing the action was made August 5, 1969. Plaintiff, not having been notified of the motion, served her complaint in March, 1970 and it was returned by defendant. To excuse the delay, plaintiff's attorney cites conversations with a representative of defendant's insurance company in February and March, 1969 concerning settlement of the case. We agree with Special Term that vacating the dismissal was proper inasmuch as plaintiff had not been served with defendant's motion papers to dismiss the action, but we are of the opinion that permission should not have been granted to serve the complaint. Plaintiff has failed to present an excuse to justify the delay in serving the complaint between March, 1969 and March, 1970 (see *Keating* v. *Smith,* 20 A D 2d 141). Hopkins, Acting P. J., Munder, Shapiro, Brennan and Benjamin, JJ., concur.